UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-60900-GAYLES

STEVE WEIL,

        Plaintiff,

v.

CAROL LISA PHILLIPS, et al.,

        Defendants,

_____/

## ORDER DISMISSING CASE

**THIS CAUSE** comes before the Court on a *sua sponte* review of the record. Plaintiff Steve Weil, appearing *pro se*, filed this action on April 5, 2019 [ECF No. 1]. Plaintiff also filed a Motion for Leave to Proceed *In Forma Pauperis* [ECF No. 3]. Because Plaintiff has moved to proceed *in forma pauperis*, the screening provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(e), are applicable. Pursuant to that statute, the court is permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2).

The standards governing dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) are the same as those governing dismissals under Federal Rule of Civil Procedure 12(b)(6). *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). To state a claim for relief, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8. To survive a motion to dismiss, a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). In reviewing the Complaint, the Court must apply the "liberal construction to which pro se pleadings are entitled." *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998). At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer,* 562 U.S. 521, 530 (2011).

Plaintiff fails to comply with the pleading requirements of the Federal Rules of Civil Procedure. In his sprawling 43 page Complaint, Plaintiff makes various accusations against nine Defendants, including six judges, a Florida agency, and the State of Florida, who purportedly violated Plaintiff's civil rights and committed civil theft, obstruction of justice, and conspiracy in adjudicating a civil action in the Seventeenth Judicial Circuit, in and for Broward County, Florida. However, Plaintiff's complaint is anything but a "short and plain statement" showing Plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). Also, Plaintiff's "complaint contain[s] multiple counts [and] each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint..." *Weiland v. Palm Beach Cnty. Sheriffs Office*, 792 F.3d 1313, 1321 (11th Cir. 2015). As a result, Plaintiff's Complaint is "a 'shotgun pleading' —one in which 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *LaCroix v. Western Dist. of Kentucky*, 627 F. App'x 816, 818 (11th Cir. 2015) (quoting *Anderson v. Dist. Bd. Of Trs. Of Ctr. Fla.*

*Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)).   Therefore, the Complaint fails to state a claim and must be dismissed.

In addition, Plaintiff attempts to assert claims against several Florida state court judges. The Court notes that judges are absolutely immune from suit and are not subject to liability for judicial actions taken within their jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).

Accordingly, it is

**ORDERED AND ADJUDGED** that this action is **DISMISSED without prejudice** pursuant to Section 1915(e)(2)(B)(ii).   This action is **CLOSED** for administrative purposes and all pending motions are **DENIED as MOOT.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of April, 2019.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE